## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| LAWRENCE LINGLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 13-CV-3017 |
| | ) | |
| FOREST ASHBY, Director, Rushville | ) | |
| Treatment and Detention Facility, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION

This case was transferred to this court by Chief Judge James E. Shadid on December 18, 2013. After careful and thorough consideration, this court concludes that it has no jurisdiction over this case and it must be dismissed without prejudice.

### BACKGROUND

On January 29, 2013, Petitioner, Lawrence Lingle, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#1), with attached exhibits. The case was assigned to United States District Judge Sue E. Myerscough. Petitioner stated that, on February 13, 2004, the Illinois Attorney General, Lisa Madigan, filed a petition pursuant to the Illinois Sexually Violent Persons (SVP) Act, 725 ILCS 207/1 et seq. Petitioner stated that the petition was filed in the circuit court of Macoupin County. Petitioner further stated that, on February 19, 2004, he was released after completing a sentence of 40 years in the Illinois Department of Corrections but was detained in the Illinois Department of Human Services Treatment and Detention Facility. Petitioner stated that, on February 25, 2004, the circuit court found probable cause in the SVP case and ordered his continued detention.

Petitioner stated that he cooperated with two interviews and evaluations by state chosen evaluators. Petitioner stated that he was entitled by statute to an evaluator chosen by the defense. Petitioner chose Dr. L. Davis to conduct the evaluation but Dr. Davis was tragically killed in a plane crash before any testimony was given in the SVP case. Petitioner requested a new evaluator, Dr. F.S. Berlin of the Johns Hopkins Medical Institute in Baltimore, Maryland. The circuit court denied this request on September 11, 2007, because of lack of funds. Petitioner stated that he was subsequently ignored by the state circuit court and abandoned by his appointed counsel until he received a letter dated January 14, 2013. In his Petition (#1), Petitioner asked the court to order his immediate and final release from custody.

Petitioner's exhibits included a copy of Petitioner's Motion for Appointment of Evaluator which stated that Dr. Berlin's regular fees to provide an evaluation when he is required to travel to the client's place of incarceration is $6,000 plus travel expenses, but that he had agreed to discount the rate to $4,000 plus travel expenses. Petitioner's exhibits also included documentation that Petitioner's attorney sought reconsideration of the circuit court's order denying the request to have Dr. Berlin act as an evaluator, which was denied. Petitioner also filed a copy of a letter dated January 14, 2013 from his attorney. The letter stated that "no action has taken place for a period of approximately 2 years because of your refusal to accept the expert appointed by Judge Londrigan on your behalf." The letter further stated, "[p]lease let me know in writing if you wish to pursue the previously pending matters, and if so, we will need to meet with you to get an update as to your status at the correctional

facility and determine what action is to be taken at this time."

On February 4, 2013, Petitioner filed a Supplemental Petition (#5), with attached exhibits. Petitioner stated that his grounds for relief was that he was abandoned by the court and appointed counsel for an extended period of time so that it was no longer possible to get a fair and impartial trial. Petitioner asked for complete, final and immediate release from custody. One of the exhibits attached to the Supplemental Petition was a letter from Petitioner's attorney, dated November 18, 2008, which stated:

> Larry, we are at a point where we need to make a decision whether we intend to seek appointment of an alternate evaluator to be appointed by the court on your behalf to testify in response to the testimony intended to be given by the state's witnesses. This matter is just continued generally until we advise the court that you either wish to stand on your previous request for the appointment of Dr. Berlin and will proceed to trial without the benefit of a court-appointed evaluator or whether we would now seek the appointment of a court-appointed evaluator on your behalf.

On February 11, 2013, Petitioner filed a Motion for Order to Stay Proceedings (#9). Petitioner asked the court to stay the proceedings in the SVP case pending in Macoupin County. Petitioner stated that he was being forced to proceed in the SVP case. He stated that the court and his appointed attorney had abandoned him for over four years and "made it impossible to have a defense."

On February 14, 2013, Judge Myerscough entered an Order (#11). Judge Myerscough stated that, after performing a preliminary review, there may be some merit to the grounds set forth in Petitioner's Petition. She therefore ordered Respondent to file an answer or responsive pleading by April 15, 2013. Judge Myerscough also stated that she deferred ruling on Petitioner's Motion to Stay until Respondent filed an answer.

On April 15, 2013, Respondent filed his Answer (#30). Respondent first pointed out that, because Petitioner is a pre-trial detainee, his petition must be considered filed pursuant to 28 U.S.C. § 2241, rather than § 2254. *See Braden v. 30*[th] *Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Respondent then argued that Petitioner's habeas petition should be dismissed under the abstention doctrine based upon *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Respondent argued that, under *Younger*, federal courts are barred from interfering with ongoing state "judicial" proceedings. Respondent stated that federal courts will invoke *Younger*'s abstention doctrine as long as the state proceedings in question are judicial in nature, implicate an important state interest, and afford the defendant an adequate opportunity to raise constitutional issues. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982). Respondent argued that "[a]ny challenge to petitioner's ongoing commitment proceedings falls squarely under the *Younger* doctrine."

On April 25, 2013, Petitioner filed his Reply and Rebuttal (#31) and a Memorandum in Support (#32), with almost 600 pages of attachments. Petitioner argued that he is entitled to an evaluator of his choice under Illinois's SVP Act and the denial of his requested

evaluator was error and an abuse of discretion by the circuit court of Macoupin County. Petitioner argued that the subsequent delay in the SVP proceedings violated his constitutional rights. Petitioner also again argued that he was abandoned during that time by his appointed counsel. Petitioner contended that the bar to federal habeas corpus review should be lifted because it is overcome by the stated circumstances and conditions. Petitioner stated that he was now being forced to proceed in the SVP case, in violation of his constitutional rights. In his Memorandum (#32), which he titled "Supplemental Reply and Rebuttal," Petitioner detailed more complaints regarding the SVP proceedings in his case and SVP proceedings in general.

On September 26, 2013, Judge Myerscough entered a text order and directed Respondent to file a status report regarding Petitioner's state court proceedings. On November 4, 2013, Respondent filed a Status Report (#34). Respondent stated that Petitioner's case has been "on a stand still" since 2008, when the state trial court denied his request to appoint a specific evaluator. Respondent stated that the court indicated that it would appoint a less expensive, local, evaluator instead of Dr. Fred Berlin of Baltimore, Maryland. Proceedings on the SVP petition were removed from the court's call while Petitioner considered whether to proceed without an evaluator, or to accept an evaluator appointed by the court. Respondent stated that, despite repeated inquiries from his attorneys, Petitioner did not respond. Respondent stated that, at the state's request, Petitioner's case has now been set for a status on December 5, 2013. Respondent also stated:

> Although the state trial court has declined to consider petitioner's

pro se pleadings while he remains represented by counsel, if petitioner
elects to dismiss counsel, he could file any motions he wished, including
a motion to dismiss the SVP petition on speedy trial grounds.  *See* 725
ILCS 207/35(f).

On November 22, 2013, Petitioner filed a Motion for Summary Judgment and/or
Motion to Stay (#35).  Petitioner again discussed the SVP proceedings in Macoupin County
and asked the court to "stay the unconstitutional proceedings" and release him "from custody
fully and finally."  Petitioner attached a copy of a letter, dated November 19, 2013, that he
received from his attorney.  The letter stated:

A status hearing has been scheduled before Judge Londrigan concerning
the above pending matter.  Your records will indicate the last time we
received a ruling from Judge Londrigan was related to his denial of your
requested expert witness, at which time he gave you the choice of either
accepting a different appointed witness by the State or proceeding to trial
without an appointed expert witness.  It has been our office's
recommendation that we accept the witness approved by the Court's
Order, however, [we] had allowed you to make the final determination
on that issue.  We are going to attempt to visit with you prior to the
December 5, 2013, hearing to insure that you are aware of the choices
that will be presented at the time of the hearing before Judge Londrigan
on Wednesday, December 5, 2013, in Carlinville, at 11:30 a.m.

Please organize your thoughts as to what choices or procedures you would request we pursue and we will do so within the bounds of permission by the Court.

Petitioner also filed an Affidavit (#36). Petitioner again stated that the SVP proceedings violated his constitutional rights.

On December 5, 2013, Judge Myerscough entered a text order. Judge Myerscough, without elaboration, stated that Respondent's request for an order dismissing Petitioner's Petition under § 2241 was denied. Judge Myerscough also denied Petitioner's Motions (#9, #35) seeking an order staying the proceedings in Macoupin County. In addition, Judge Myerscough ordered Respondent to file status reports on the 16th of each month.

On December 9, 2013, Petitioner filed a Motion to Reconsider (#38), arguing that the effect of Judge Myerscough's text order denying his Motions to Stay was to allow the SVP case to proceed in Macoupin County. On December 13, 2013, Respondent filed a Status Report (#39). Respondent stated that a status hearing was held on December 5, 2013, and the state moved for an updated SVP evaluation. Petitioner asked for a continuance to have more time to file a written response to the state's motion. The case was then set for a hearing on January 14, 2014. Respondent stated that Petitioner has not yet advised the court whether he wants a new defense expert appointed.

On December 18, 2013, Judge Myerscough denied Petitioner's Motion to Reconsider (#38) by text order. Also on December 18, 2013, this case was transferred to this court by Chief Judge Shadid. On December 26, 2013, Petitioner filed a Notice of Appeal (#40) and

appealed the portion of Judge Myerscough's December 5, 2013, text order which denied his request for a stay of the state court SVP proceedings and the text order which denied his Motion to Reconsider. Petitioner's appeal is still pending before the Seventh Circuit Court of Appeals. The Seventh Circuit requested submissions from the parties on the issue of whether the appeal should be dismissed for lack of jurisdiction, but has not yet ruled on this issue.[1]

On January 15, 2014, Respondent filed a Status Report (#46). Respondent stated that a status hearing was held in Macoupin County on January 14, 2014. The state's motion for an updated SVP evaluation was granted over Petitioner's objection. Petitioner indicated that he wished to see the results of the Department of Corrections evaluation before he decided whether he wanted a new defense expert appointed. The case was set for a status hearing on April 16, 2014. On February 14, 2014, Respondent filed another Status Report (#49). Respondent stated that, on January 31, 2014, Dr. Diana Dobier, a Department of Human Services expert, conducted a psychological examination of Petitioner. Petitioner did not grant permission to be interviewed, so the examination was conducted from a review of Petitioner's records. Dr. Dobier's report, which was provided to Petitioner's counsel,

---

[1] This court therefore recognizes that a portion of Judge Myerscough's ruling, her decision denying Plaintiff's motions to stay, remains on appeal. However, this court concludes that it can still consider the portion of Judge Myerscough's ruling which denied Respondent's request to dismiss the case for lack of jurisdiction. *See United States v. Bd. of Sch. Com'rs of City of Indianapolis, Ind.*, 503 F.2d 68, 81-82 (7th Cir. 1974) (not all jurisdiction passed from the district court when the notice of appeal was filed). This court notes that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act and, therefore, every court has an independent responsibility to determine in every case whether it has subject matter jurisdiction. *Wesley v. Preservation Mgmt., Inc.*, 2006 WL 272757, at *1 (E.D. Wis. 2006), *citing Hay v. Indiana State Bd. Of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

concluded that Petitioner should be found to be a sexually violent person.  Respondent stated that the court granted the Department of Corrections access to Petitioner to prepare its own evaluation of Petitioner.  Respondent stated it was unknown whether Petitioner would cooperate with this evaluation.  Respondent stated that Petitioner had not yet indicated whether he intended to request a defense expert be appointed.  No further status reports have been filed by Respondent.

ANALYSIS

This court has now reviewed this case.[2]  This court has come to the inescapable conclusion that it does not have jurisdiction.  Petitioner's SVP case is pending in Macoupin County and this court, under the circumstances here, does not have jurisdiction to interfere with those proceedings.

*YOUNGER* ABSTENTION

Respondent is correct that, with limited exceptions, a federal district court should not interfere with ongoing state proceedings.  *See Younger*, 401 U.S. at 44-45.  The abstention doctrine enunciated in *Younger* "requires that a federal court exhibit 'comity,' which is defined as a 'proper respect for state functions.'" *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996), *quoting Younger*, 401 U.S. at 44.   The "*Younger* doctrine has come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and

---

[2]  This court notes that it agrees with Respondent that, because a trial on the state's SVP petition has not yet occurred, Petitioner's situation is similar to that of a pretrial detainee in a criminal case and his Petition must be treated as brought under § 2241.  *See Moore v. Phillips*, 2011 WL 1582947, at *2 (C.D. Ill. 2011).

administrative agencies when important state interests are involved." *Barichello*, 98 F.3d at 954. Therefore, "federal courts *must* abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty Co. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (emphasis added), *citing Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432.

In this case, there is no dispute that the state proceedings are ongoing and no trial has yet been held. In addition, this court concludes that the SVP proceedings implicate important state interests. *See Miller v. Cate*, 2011 WL 4457666, at *4 (E.D. Cal. 2011) (noting that "SVP proceedings serve 'compelling' state interests in the protection of the public and the treatment of mental illness"); *see also King v. Scott*, 2014 WL 1631396, at *2 (C.D. Cal. 2014), *citing Hill v. Colorado*, 530 U.S. 703, 715 (2000) ("It is a traditional exercise of the States' 'police powers to protect the health and safety of their citizens.'"); *Barichello*, 98 F.3d at 955 ("[w]e have no doubt that the protection of the community from mentally ill persons with violent criminal tendencies is an important, not to say compelling, state interest"). Therefore, the first two *Younger* criteria are met.

This court also concludes that Petitioner has not shown that the SVP proceedings in Macoupin County do not afford him an adequate opportunity to raise federal questions. "Federal courts must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state

procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Barichello*, 98 F.3d at 954-55, *quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Petitioner is represented by counsel and has the ability to raise issues, through his counsel, regarding any violation of his constitutional rights during the proceedings. This court is certainly aware that Petitioner is upset by the long delay in the proceedings. The documentation provided, however, leads to a conclusion that Petitioner's inability to decide how to proceed after his request for an expert evaluator from Baltimore, Maryland was denied was at least a contributing factor to the delay. This court additionally notes that Petitioner's strident arguments that the circuit court violated Illinois law when it did not allow him to have the evaluator of his choice does not raise a federal claim. Habeas corpus is "unavailable to remedy errors of state law." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002), *citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Importantly, as the *Younger* doctrine has been expanded by the Supreme Court to civil contexts, "the Court has continued to respect the right of the state courts to establish their own procedures." *Barichello*, 98 F.3d at 954.

This court also concludes that no "extraordinary circumstances" are present in this case. A federal court may intrude into a pending state proceeding "when absolutely necessary for protection of constitutional rights," but only under "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. This court has no trouble concluding that this limited exception to *Younger*

abstention does not apply here.  *See King*, 2014 WL 1631396, at *2 (no exception to applying *Younger* where there is an ongoing state SVP proceeding).  The United States Supreme Court has upheld the constitutionality of SVP procedures.  *See Kansas v. Hendricks*, 521 U.S. 346, 369-71 (1997); *see also In re Det. of Samuelson*, 727 N.E.2d 228, 234-35 (Ill. 2000) (Illinois SVP law constitutional based on *Hendricks)*.  In fact, numerous courts have concluded that the *Younger* abstention doctrine requires that a habeas challenge to ongoing SVP proceedings must be dismissed without prejudice.  *See Moore v Phillips*, 2011 WL 1582947, at *3 (C.D. Ill. 2011) (Myerscough, J.); *Babinski v. Voss*, 323 Fed. Appx. 617, 618-19 (9th Cir. 2009); *King*, 2014 WL 1631396, at *2; *Orozco v. King*, 2013 WL 6229158, at *1-2 (C.D. Cal. 2013); *Pritchett v. King*, 2013 WL 5302804, at *3-5 (E.D.al. 2013); *Kindred v. Superior Court, County of Orange*, 2013 WL 1127902, at *2-3 (C.D. Cal. 2013); *Miller*, 2011 WL 4457666, at *4-5 (applying *Younger* abstention to an ongoing SVP proceeding and collecting cases).

This court can see absolutely no basis for interfering in Petitioner's ongoing SVP proceedings and concludes that this case must be dismissed based on *Younger* abstention.

## LAW OF THE CASE

This court recognizes that Judge Myerscough denied Respondent's request to dismiss the case based on *Younger*.  Law of the case principles "are applicable when a case is transferred to a new judge midway through litigation; in general, the successor judge is discouraged from reconsidering the decisions of the transferor judge." *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010), *citing Brengettcy v. Horton*, 423 F.3d 674,

680 (7th Cir. 2005).  The "presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).  "The successor judge should depart from the transferor judge's decision only 'if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it.'"  *Gilbert*, 591 F.3d at 902.  However, successor district judges are "significantly less constrained by the law of the case doctrine with respect to jurisdictional questions." *Gilbert*, 591 F.3d at 903, *quoting O'Sullivan v. City of Chicago*, 396 F.3d 843, 849-50 (7th Cir. 2005).

In this case, this court has a strong and reasonable conviction that Judge Myerscough's ruling on Respondent's request for dismissal was wrong.  The text order ruling was not only completely unexplained, it was also contrary to Judge Myerscough's earlier ruling in *Moore,* which dismissed a habeas petition regarding an ongoing SVP proceeding based upon *Younger* abstention.  This leads this court to wonder if the text order could have been entered in error.

This court further concludes that this court's decision to dismiss this case without prejudice does not cause undue harm to Petitioner, who purportedly benefitted from Judge Myerscough's ruling denying the request to dismiss the case.  This court concludes that leaving the case pending could give Petitioner a false sense that this court will take some action in the ongoing SVP proceedings, something this court cannot and will not do.  "No unusual circumstances exist here that would warrant this Court hearing a suit to essentially

enjoin the SVP case." *Moore*, 2011 WL 1582947, at *3.

Further, this court's decision relates to jurisdiction, which is a permissible basis for departing from a transferor judge's prior order. *See Gilbert*, 591 F.3d at 903. The Seventh Circuit has held that a district court may abstain under the *Younger* doctrine *sua sponte* because *Younger* abstention concerns "the propriety of exercising subject matter jurisdiction." *Barichello*, 98 F.3d at 955. "When confronted with circumstances that clearly implicate *Younger* concerns, a federal court must abstain." *Barichello*, 98 F.3d at 955. This court has already concluded that this case clearly implicates *Younger* concerns. Therefore, this court concludes that, despite Judge Myerscough's previous ruling, this court does not have subject matter jurisdiction based upon *Younger* and the case must be dismissed.

IT IS THEREFORE ORDERED THAT:

(1) This case is dismissed for lack of jurisdiction.

(2) This case is terminated.

ENTERED this 19th day of May, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE